UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RANDOM JACKSON,

    Petitioner,

v.                                    Case No. 5:16cv110/LC/CJK

SECRETARY, DEPTMENT OF
CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, represented by counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition as time barred. (Doc. 20). Petitioner opposes the motion, arguing that he is entitled to equitable tolling. (Doc. 32). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On June 10, 2010, petitioner was convicted of first degree murder in Gulf County Circuit Court Case No. 08-CF-218, and sentenced to life imprisonment. (Doc. 1, Ex. A; Doc. 20, p. 2). The Florida First District Court of Appeal (First DCA) affirmed the judgment on July 28, 2011, per curiam and without a written opinion. (Doc. 1, p. 2; Doc. 20, p. 2); *see also Jackson v. State*, 68 So. 3d 903 (Fla. 1st DCA 2011) (Table). Rehearing was denied on September 12, 2011. (Doc. 32, Ex. D).

On December 5, 2012, petitioner filed a counseled motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 1, pp. 2, 47; Doc. 20, p. 2). The state circuit court denied relief, and the First DCA per curiam affirmed on September 28, 2015, without a written opinion. (Doc. 1, pp. 2-3 and Ex. C; Doc. 20, p. 2); *see also Jackson v. State*, 174 So. 3d 998 (Fla. 1st DCA 2015) (Table). The mandate issued October 14, 2015. (Doc. 1, p. 2; Doc. 20, p. 2).

Petitioner filed his counseled federal habeas petition on April 11, 2016. (Doc. 1). Petitioner raises four claims of trial court error and one claim of ineffective assistance of trial counsel. (*Id.*). Respondent asserts the petition is time barred. (Doc. 20). Petitioner argues he is entitled to equitable tolling. (Doc. 32).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending". 28 U.S.C. § 2244(d)(2). The parties

agree that the statute of limitations is governed by § 2244(d)(1)(A), which is the date on which petitioner's conviction became final. (Doc. 1, p. 2 n.1; Doc. 20, p. 2).

The parties assert that the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court expired on December 11, 2011. (Doc. 1, p. 2 n.1; Doc. 20, p. 2). Because December 11, 2011, was a Sunday, however, petitioner had until December 12, 2011, to file a certiorari petition. *See* Sup. Ct. R. 30.1. Petitioner's conviction became final for purposes of § 2244(d)(1), on December 12, 2011. The limitations period began to run one day later on December 13, 2011, and expired one year later on December 13, 2012, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the one-year anniversary of the date it began to run).

Petitioner filed his counseled Rule 3.850 motion on December 5, 2012, with just 8 days remaining on the federal habeas limitations period. (Doc. 1, p. 2 n.2; Doc. 20, p. 2). Petitioner's Rule 3.850 motion was pending, and statutorily tolled

the limitations period, until issuance of the First DCA's mandate on October 14, 2015. (Doc. 1, p. 2; Doc. 20, p. 2); *see Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" postconviction motion is "pending" under Florida procedure, and consequently tolls the limitations period, until the appellate court's issuance of the mandate on appeal). The limitations expired 8 days later on October 22, 2015. Petitioner's federal habeas petition was filed on April 11, 2016, almost 6 months later.

Petitioner argues he is entitled to equitable tolling due to his postconviction counsel's "egregious actions" during his state postconviction appeal. (Doc. 1, pp. 28-29; Doc. 32). Petitioner describes these actions as follows. Petitioner's mother, Tammy Jackson, retained Bernard F. Daley, Jr. to represent petitioner in the Rule 3.850 proceeding. (Doc. 32, Ex. B, Jackson Aff. ¶ 3, Ex. C, Pet'r's Aff. ¶ 2). Petitioner relied on Ms. Jackson "to take care of any attorney fees that needed to be paid." (Doc. 32, Ex. B, Jackson Aff. ¶ 3). Petitioner alleges with regard to Mr. Daley's retention:

> When Mr. Daley was retained, we specifically discussed that I had time left to pursue federal habeas relief (if necessary) and we specifically asked if he would represent me in federal habeas proceedings (if necessary) and he agreed that he would – and he promised to timely file a federal habeas petition should I be unsuccessful in my rule 3.850 proceeding.

(Doc. 32, Ex. C, Pet'r's Aff. ¶ 2). Petitioner has not provided a copy of the written retainer agreement.

> Petitioner's mother Ms. Jackson describes this conversation with Mr. Daley:
>
> After speaking to Random's attorney Bernie Dailey [sic], he said that if the 3.850 appeal was denied, we would proceed to federal court and file a federal habeas petition. We orally agreed that <u>we would further retain Mr. Dailey [sic] to pursue the next step when it was time</u>. I was under the impression that Mr. Dailey [sic] would tell me when the next step needed to take place.

(Doc. 32, Ex. B, Jackson Aff. ¶ 3) (emphasis added).[1]

After petitioner's Rule 3.850 motion was denied by the state trial court, Mr. Daley represented petitioner in a postconviction appeal. On April 30, 2015, while the postconviction appeal was pending, Mr. Daley sent petitioner a letter "stating he was having some issues with The Florida Bar and that a person named 'Wayne Mitchell' would be taking over [petitioner's] case." (Doc. 32, Ex. C, Pet'r's Aff. ¶ 3). Petitioner "assumed that Mr. Mitchell would pursue all of the steps that Mr. Daley had previously agreed to pursue." (Doc. 32, Ex. C, Pet'r's Aff. ¶ 3).[2]

---

[1] It is unclear from Ms. Jackson's and petitioner's affidavits whether petitioner was personally in attendance at the meeting when Ms. Jackson retained Daley, or whether petitioner's allegations are based upon information and belief. At this juncture and for purposes of this Report and Recommendation, the court takes petitioner's allegations as true and assumes he is competent to testify to what was said at the meeting when Mr. Daley was retained.

[2] Mr. Daley's April 30, 2015, letter is one of three letters from Daley to petitioner, which petitioner uses to support his equitable tolling claim. The remaining two letters are dated December 12, 2015, and February 22, 2016 (mis-dated by Mr. Daley as February 22, 2015). Petitioner has

On December 12, 2015, Mr. Daley sent petitioner a letter enclosing a copy of an order from the Florida Supreme Court, dated April 24, 2015, disbarring Daley. (Doc. 32, Ex. C, Pet'r's Aff. ¶ 4). Daley's December 12, 2015, letter stated:

> Please find enclosed a copy of the Court Order dated April 24, 2015, in which the Court granted my uncontested disciplinary revocation of my license. Pursuant to Rule 3-5.1(h), I am providing your office with a copy of this order.

(Doc. 1, Ex. A). Mr. Daley did not notify the First DCA that he was no longer counsel of record in petitioner's postconviction appeal. When the First DCA issued its opinion on September 28, 2015, it mailed a copy of the decision to Mr. Daley. (Doc. 1, Ex. C). Neither Mr. Daley nor the First DCA mailed a copy of the opinion to petitioner. (Doc. 32, Ex. C, Pet'r's Aff. ¶ 6). Petitioner and his mother allege that no one ever informed either of them that the First DCA had issued its opinion. (Doc. 32, Ex. B, Jackson Aff. ¶ 2, and Ex. C, Pet'r's Aff. ¶ 6).

During the second week of February 2016, Ms. Jackson logged onto the Gulf County Circuit Court's website because she "was curious to know if there were any updates on Random's case." (Doc. 32, Ex. B, Jackson Aff. ¶ 2). It was then that Ms. Jackson discovered that the First DCA issued its opinion in petitioner's

---

provided the court with copies of only the last two letters, and has not explained why he has not produced a copy of the April 30, 2015, letter. (*See* Doc. 1, Ex. A (Daley Letter, Dec. 12, 2015), and Ex. B (Daley Letter, Feb. 22, 2016); *see also* Doc. 1, p. 28 n.4). Again, at this juncture and for purposes of this Report and Recommendation, the court takes as true petitioner's hearsay allegations as to what Mr. Daley said in his April 30, 2015, letter.
*Case No.5:16cv110/LC/CJK*

postconviction appeal. (*Id*.). Ms. Jackson visited petitioner on February 13, 2016, and informed him of the First DCA's opinion. (*Id*.). Petitioner and Ms. Jackson "agreed that we needed to immediately contact new counsel to represent Random in federal court." (*Id*. at ¶ 4). They then retained petitioner's present habeas counsel. (*Id*.).

> On February 22, 2016, petitioner received a letter from Mr. Daley, stating:
>
> Back in April of 2015, I wrote you a letter concerning my resignation from the Florida Bar, then on December 12th, 2015 I wrote you another letter which included a copy of a Florida Supreme Court Order, dated April 24th, 2015 which outlined my disciplinary resignation.
>
> I write to you now for some clarification as to my April 30th, 2015 letter. In that letter I made reference to Wayne Mitchell as taking over your case and representing you in any post-conviction matters. This was a misstatement; Mr. Mitchell *will not* automatically be assuming any of my prior cases, including your case. However, if you wish for Mr. Mitchell to discuss assisting you in anyway [sic], please contact him at 901 N. Gadsden Street, Tallahassee, Florida 32303. He will be happy to speak with you and if he finds merit in your case, at that point the two of you can discuss any possible agreement for representation going forward. You and Mr. Mitchell would need to reach a separate agreement in writing with agreed on terms and fees. I hope this clarifies any misunderstanding which my April 2015 may have caused.

(Doc. 1, Ex. B). Petitioner argues that Mr. Daley's "egregious actions" satisfy the extraordinary circumstances prong of the equitable tolling standard, and that he has

made a *prima facie* showing of entitlement to equitable tolling such that an evidentiary hearing is required. (Doc. 32, pp. 5, 7).

A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin*, 633 F.3d at (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)). In the context of attorney misconduct, the Eleventh Circuit recently clarified: "The relevant inquiry today is not whether an attorney's mistake or oversight was egregious. Instead, the question is whether the attorney, through h[is] conduct, effectively abandoned the client. . . ." *Thomas v. Attorney Gen., Fla.*, 795 F.3d 1286, 1293-94 (11th Cir. 2015). The petitioner must allege more than conclusory allegations, *see San Martin*, 633 F.3d at 1268, and must

"show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *Id.* at 1267.

The court need not decide whether petitioner's allegations of attorney misconduct qualify as an exceptional circumstance, because even if the court were to accept petitioner's theory, he would not be entitled to relief because he fails to establish the requisite diligence. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (citations and quotation marks omitted). The Court in *Holland* recounted how Mr. Holland showed reasonable diligence:

> [Holland] not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins [his attorney] – the central impediment to the pursuit of his legal remedy – removed from his case. And, the *very day* that Holland discovered that his federal habeas clock had expired due to Collins' [his attorney's] failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.

*Id.*; *see also, e.g., Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (declining to question whether petitioner showed reasonable diligence given that the State did not contest that issue and given petitioner's "repeated questioning of counsel's calculation of the § 2254 deadline and his insistence that the petition be timely filed"); *Downs v. McNeil*, 520 F.3d 1311, 1323 (11th Cir. 2008) (concluding

that petitioner's allegations, if true, showed that he exercised reasonable diligence by writing multiple letters to counsel "to express concern over the running of the AEDPA filing period and to urge the filing of his federal habeas petition").

Petitioner attempts to show diligence by asserting that "had Mr. Daley timely informed Petitioner Jackson of the state appellate court's September 28, 2015 [opinion], the two would have taken steps to ensure that Petitioner Jackson had sufficient time to properly prepare and file a § 2254 petition." (Doc. 32, p. 6). What is relevant, however, is not what petitioner <u>would have</u> done, but what he actually did. Petitioner knew he had only 8 days remaining on the limitations clock once his Rule 3.850 appeal concluded, yet he took no independent steps to check on the status of his appeal or to ensure his federal habeas petition was timely filed. In the months following Mr. Daley's April 30, 2015, letter, petitioner never inquired with Mr. Daley, Mr. Mitchell, the First DCA, or the Gulf County Circuit Court concerning the status of his appeal. Instead, he continued to rely on Mr. Daley despite Daley's resignation from the Florida Bar and termination of his relationship with petitioner. Petitioner's continued reliance on Daley to monitor and communicate filings in his postconviction appeal (and to ensure that a federal habeas petition was timely filed) does not show reasonable diligence, as petitioner fails to show Daley was a better source of information than the First DCA or Mr. Mitchell. Petitioner's continued

and exclusive reliance on Daley to protect his federal rights does not show reasonable diligence.

Similarly, petitioner's allegation that he "assumed that Mr. Mitchell would pursue all of the steps that Mr. Daley had previously agreed to pursue", does not show reasonable diligence, but, instead, inattentiveness. (Doc. 32, Ex. C, R. Jackson Aff. ¶ 3). While it may have been reasonable for petitioner to initially rely on Daley's statement that Mitchell was taking over his case, petitioner's continued reliance on that assumption for month after month, after receiving no communication from Mr. Mitchell and without taking any affirmative steps to confirm Mitchell's representation, does not show reasonable diligence. Petitioner's complete inattentiveness is even more striking given the precariousness of his situation with only 8 days remaining on his federal habeas clock. Petitioner made no effort whatsoever to monitor the status of his postconviction appeal, to contact Mr. Mitchell to confirm his representation, or to contact the First DCA to see if Mitchell had appeared in his case. Even the revelation that petitioner's postconviction appeal had concluded was not the result of petitioner's own initiative.

Petitioner goes on to argue that the fact that he filed his § 2254 petition 58 days after learning of the First DCA's opinion shows that he diligently pursued his federal remedies. (Doc. 32, pp. 6-7). This argument fails in light of the fact that

petitioner knew he had only 8 days to file his federal habeas petition. Nothing prevented petitioner from immediately filing his federal habeas petition on his own once he learned his postconviction appeal concluded. Petitioner admits that his habeas claims are drawn from his prior counseled state court pleadings. (Doc. 1, p. 47 ("All Grounds were properly raised in state court.")). Petitioner's argument fails for the additional reason that even if this court granted him equitable tolling until he received notice of the First DCA's decision on February 13, 2016, the habeas petition would still be considered untimely because petitioner alleges no basis for tolling beyond that date. Restarting the federal habeas clock on February 14, 2016, would give petitioner until Monday, February 22, 2016, to file his federal habeas petition. The petition was not filed until April 11, 2016. Petitioner's federal habeas petition is still untimely.

An evidentiary hearing on the equitable tolling issue is not warranted. "In a habeas corpus proceeding the burden is on the petitioner to establish the need for an evidentiary hearing." *Chavez v. Sec'y, Fla. Dep't of Corr.,* 647 F.3d 1057, 1060 (11th Cir. 2011) (citation and quotation marks omitted). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S.

465, 474, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007). "That means that if a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing." *Chavez*, 647 F.3d at 1060 (*citing Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 763 (11th Cir. 2010)).

Although an evidentiary hearing may be necessary where material facts are in dispute, an evidentiary hearing is not required where no basis exists to believe that further inquiry would help the petitioner prove entitlement to equitable tolling. *San Martin*, 633 F.3d at 1271-72; *Drew*, 297 F.3d at 1292. Here, petitioner offers no reason to believe, by way of allegations or supporting evidence, that further inquiry by the district court would help him prove that he pursued his rights diligently.

## CONCLUSION

Petitioner's habeas petition is untimely. Even crediting petitioner's allegations, he has not shown that his untimely filing was unavoidable even with diligence. Petitioner's failure to exercise reasonable diligence in seeking federal habeas relief is fatal to his equitable tolling claim. *See, e.g., Melson v. Comm'r, Ala. Dep't of Corr.*, 713 F.3d 1086, 1089-90 (11th Cir. 2013) (declining to address whether attorneys' conduct constituted an extraordinary circumstance because petitioner failed to exercise reasonable diligence in prosecuting his federal habeas case; the petitioner "took no independent steps to ensure that his federal habeas

petition was timely filed"); *see also, e.g., McBee v. Warden*, 671 F. App'x 763, 764 (11th Cir. 2016) (declining to address whether petitioner satisfied extraordinary circumstance prong because the petitioner "did not come close to alleging" that he pursued his rights diligently; explaining that the petitioner "has never alleged, nor is there any indication in the record, that he contacted or attempted to contact either the state courts or his attorney to ask about the status of his postconviction proceedings"); *Myers v. Allen*, 420 F. App'x 924, 927 (11th Cir. 2011) ("Under our law, Myers's failure to allege that he took any steps to attempt to advance or monitor his case is fatal to his equitable tolling argument."). The petition should be dismissed as time barred.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774, 197 L. Ed. 2d 1 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to

this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 20) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Random Jackson*, Gulf County Circuit Court Case No. 08-CF-218, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 26th day of July, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.